May it please the court, my name is Greg Pivovar. I'm counsel for Marcos De La Torre in this particular case. This this case primarily focuses on an insufficiency of evidence argument, denial of the motion for judgment of acquittal. Mr. De La Torre was charged with three charges. Count one was conspiracy to distribute 500 grams of methamphetamine. Count two was possession with intent on August 24th 2015 and count three, no that one was the earlier 2014 possession with intent and count three was possession with intent on August 24th 2015. Mr. De La Torre owned a car repair body shop contained within a building that had another business contained in it which was a mechanical repair shop. On August, no in the 2014 incident that and I'll refer to that as the Slavichek incident. He and Ryan Slavichek were stopped in a vehicle right shortly after Mr. De La Torre entered that vehicle. They had driven a short distance from his place of testing the car more or less. He had been in the car, he was driving the vehicle. They were stopped. Officer Holtmeyer of the Omaha Police Department stopped them and they noticed some nervousness in Mr. Slavichek. Mr. Slavichek, he indicated that he was the owner of the vehicle. He also, he was, his uncle was the owner of the vehicle. At that time it was also disclosed later on that the vehicle was in fact, had in fact been in parked in front of Mr. Slavichek's girlfriend's house who was a known drug dealer. Contraband was eventually found in the center console of the car. Mr. De La Torre remained in the car while Mr. Slavichek and exited the car. So what's the fatal, I understood your argument to be a lack of evidence. What's the, what's missing here for the to support a good nexus between the defendant and the methamphetamine? The methamphetamine is in a car not owned by the defendant. It is a car he has been in for only moments or a short period of time. It's in the center council with venue items to Mr. Slavichek. It's in a car that has been seen by the Omaha Police Department on numerous occasions in front of a drug dealer's house, the girlfriend of Ryan Slavichek's. And Officer Holtmeyer also testifies throughout that he had eyes on Mr. De La Torre and that there was no furtive movement to, as if to hide or remove methamphetamine that he may have had on his person and place it in the center council. So we have this methamphetamine in a car that Mr. De La Torre has only been in for moments. What about Slavichek's testimony that De La I think that Mr. Slavichek's testimony is awfully one self-serving after over a year of denying that. That gets into the credibility that we're that's outside of our capacity to to really do much with. Well I I think you I think under a case law that the the court can look somewhat into the credibility that the jury determined. I think you'll find very few cases where if a witness credibility is reversed at this level simply because of the fact that they've engaged in criminal conduct in the past. The I I think it's true you'll find very few but that doesn't mean it's not possible. Mr. Slavichek also and this was something that was not engaged in a trial. Mr. Slavichek also had $2,900 in his pocket on the day he was arrested. So in this particular instance I believe that that the credibility of Mr. Slavichek throughout his testimony and having changed his testimony over time can be looked at by the court. The second the stop of Mr. Mike Miguel Diaz after exiting the the joint building. There's there's some real incredible testimony in that regard regarding how what he picked up and what went into car. There's also a lot of incredible well his testimony from the beginning was that Mr. Della Torre had never contacted him to go to the go to the place of employment that day. He was employed by the other owner and he indicated that the other owner had sent him there. He only changed that story after a year and or approximately a year and after being that took place at a time that Mr. Della Torre's house was being searched for drugs pursuant to a search warrant or no I think it was he consented to the search of his house. And at that time he he basically had very little opportunity to have contacted anybody to go get drugs out of the house. Again we have incredible testimony and we have no nexus between Mr. Della Torre and the drugs as to count three. Then as to count one the conspiracy count that that primarily runs from the testimony of what we would call another incredible witness Tammy Gaul. Miss Gaul was in federal prison at the time of her testimony in this particular case. She had been a cooperating witness for a while but had been kicked out of being a cooperating witness. This was because she had resumed taking drugs and failed to contact and even the DA agent indicated that you know people who get kicked out of cooperating program are generally considered not to be very credible people. She's the only person that testifies basically as to the conspiracy in this case and the conspiracy is alleged not to be involving her it's alleged to be involving Mr. Della Torre and his father who is the only person that she ever called the friend from the north in a texting situation in order to obtain drugs. If there in fact was a conspiracy between Mr. Della Torre and his father to distribute drugs I don't it's not alleged and I don't know that she is that Tammy Gaul is a co-conspirator in this particular case. At this point she is simply a buyer for Mr. Della Torre's father she is not necessarily a co-conspirator. So as far as the conspiracy to distribute 500 or more grams of methamphetamine only involving basically the testimony of Tammy Gaul I think it fails on both the level of reaching the 500 grams and on the level of a conspiracy because the conspiracy is alleged to be only between Marcus Della Torre and his father. His father is alleged to have dealt with her as a buyer only and so in that particular situation I think that count fails too. So we have three counts one where there's no nexus between Mr. Della Torre and the drugs except the testimony of incredible witnesses and the third where we have a conspiracy that doesn't exist in effect or that or that at least Tammy Gaul is not able to tie together. She there's some text messages that are brought into evidence those text messages are the numbers on those text messages are not tied at all to Mr. Della Torre. These things are these things are unconnected and and then they're they're all somehow connected by these three incredible witnesses. I raised issues of ineffective assistance of counsel it's probably not ripe at this time because there are some there are some issues that probably have to be developed in there if the court determines that that they are not ripe at this time he and any needs to bring any future action we would bring that with that I'll reserve the rest. Thank you. May it please the court. I'm Christopher Ferretti assistant U.S. attorney in this district. I'm representing the Eppley. There are five issues presented in this appeal and as Mr. Pivar did address sufficiency of the evidence first in this case the evidence the trial was more than sufficient to demonstrate defendants guilt beyond a reasonable doubt there was in this case testimony and evidence from three independent cooperating witnesses as well as several law enforcement officers corroborated by other pieces of evidence such as a drug ledger a day planner that were items belonging to Tammy Gall there was a wire that was introduced into evidence worn by Ryan Slavichuk and then there of course the drugs the methamphetamine that was recovered in the case the jury heard from two witnesses that were that got methamphetamine directly from the defendant among those witnesses were Ryan Slavichuk and Tammy Gall as Mr. Pivar indicated there was the traffic stop that occurred on August 25th 2014 in which law enforcement recovered two ounces of meth from a center console of a vehicle that was driven by Mr. Slavichuk actually was driven by the defendant Mr. Slavichuk was the control of that vehicle the defendant was present the defendant had an opportunity to place the methamphetamine in the center console that evidence was adduced at trial after that happened Mr. Slavichuk was indicted federally later cooperated with law enforcement this is over a year later that he goes back wearing the wire at the request of law enforcement to Mr. De La Torre shop on 41st and Hamilton Street and he wears the wire into the shop that was introduced to the jury there are some it's it's not the easiest video to watch it's very shaky and the audio is not of the best quality but there are certainly upon close listening one can certainly hear certain admissions by the defendant made but more importantly the what the wire does is it corroborates the the information that Mr. Slavichuk is giving to law enforcement about what Mr. De La Torre was up to regarding Ms. Gall she was arrested after an incident or a episode on December 19 2014 she was involved in a one and a quarter ounce methamphetamine deal with the defendant and his father defendants father also named Marcos de la Torre was acting as the intermediary and actually physically delivering the meth to Ms. Gall however Ms. Gall testified and understood that the methamphetamine came from defendant in this case so both witnesses Mr. Slavichuk and Ms. Gall they both had evidence and testified regarding prior methamphetamine track with and involving the defendant the third incident was the July 1st 2015 law enforcement action and there was lots of stuff happening on that day it started with a knock and talk at the defendant's residence defendant was on the phone with his brother brother was at the residence defendant spoke to law enforcement gave consent to search the home it was later determined nothing's found at the residence however at the very same time that that's going on law enforcement is watching defendants shop at 41st and Hamilton that's when they observed Mr. Diaz Suizar drive to the shop get out go inside come out carrying an object get into his car and drive away Mr. Diaz's traffic stopped and the police recover three quarters of a pound of methamphetamine at that time plus a scale inside a bag so Mr. Diaz actually did testify that it was Mr. De La Torre the defendant that called him and summoned him to the shop to pick up the item inside as the court I think was inferring the credit credibility determinations here are for the jury and and it's pretty clear here that the the testimony of these three witnesses and furthermore the jury verdict may be based solely on the testimony of co-conspirators and cooperating witnesses and moving to the second issue which was the items offered as direct evidence of the charged crimes that's the argument on my argument is that there was no abuse of discretion and denying the defendants motion and limine and admitting exhibit 5 which was a tape-recorded conversation between the defendant and Ryan Slavichek and also exhibit 17 which consisted of photographs of text messages between the defendant and Tammy Gall and taking first and foremost this is not this evidence it was again offered as direct evidence of the charged crime crimes the exhibit 5 the tape-recorded conversation this was the wire that mr. Slavichek wore to defendants shop that was reviewed in camera by the the judge it was authenticated properly and admitted properly the Macmillan factors were applied again I you can see for yourself in the video that it's not easy to watch it is shaky but it does contain audio and video and in addition mr. Slavichek the the court properly instructed the jury not to consider the statements of mr. Slavichek and that they were not to be considered as for the truth of the matter asserted so that issue was addressed and properly the judge properly instructed the jury on that issue regarding the text messages those were admitted properly pursuant to rule 801 D to E as statements of a co-conspirator and furtherance of a conspiracy there was a conspiracy here there was plenty of testimony regarding multiple sales of resale quantity of drugs and that is sufficient in and of itself to make a submissible case of time frame was broad enough to include the text messages certainly one of the defendants arguments was that the government offered selected text messages and that that was prejudicial to do so miss gall did testify she was available for cross-examination the law enforcement officers who retrieved those text messages were also available and there was no abuse of discretion in admitting those items of evidence simply put the the evidence both items of evidence were properly admitted and there was no abuse of discretion in admitting those items of evidence turning to the speedy trial act claim of course the defendant must be brought to trial within 70 days of indictment or arraignment in this case defendant was arraigned on April 6 2016 at that time the government moved for detention the detention hearing was held on the 21st of April all that time was excluded pursuant to the speedy trial act title 18 section 3161 H1 H the speedy trial act began to run for mr. de la Torre on April 22nd 2016 four days later the defendant filed a motion to extend the motions deadline which was granted until May 17 2016 in that motion the defendant expressly acknowledges the time would be excluded and it's the government's position that all the time between April 26 2016 until the trial order was issued in August on August 25 2016 was properly excluded by the court on August 25 2016 the court issued the trial order scheduling the trial for September 27th 2016 and in the in the trial for September 27th 2016 the trial was running there's evidence that the government made inquiries with defendants counsel regarding their wishes regarding any potential continuances of trial the government inquired with the marshals to find out how quickly they could bring this call to testify she was in custody with the Bureau of Prisons in Phoenix. Marshals advised that it would take a minimum of 6 weeks to get her here. The government filed a motion to continue trial on September 1st that motion was pending until September 6th when the motion was granted the court excluded that time pursuant to title 18 section 3161 h7a finding that the ends of justice outweigh the best interest of the public and the defendant in the speedy trial. So it's it's our positions my position that the essentially there was 11 days of speedy trial clock speedy trial time ran that was not otherwise properly excluded by the time we got to the trial in October in addition to that there was another motion filed between the time of between the time the continuance of trial was granted and the trial date the government filed another motion on from motion for conflict hearing and that motion was rolled upon eight days later on September 22nd and that time is excludable as well because the motion was pending and just briefly addressing the final two issues addressing the motion to suppress first the biggest part of this or the most important thing to realize from the motion to suppress is the government never actually used anything at trial or offered any evidence obtained during that search at trial so the notion that the the defendant was harmed by this goes nowhere essentially we had a fight over nothing we had the the motion to suppress hearing it was a four corners of the warrant type hearing the defendant had a warrant type hearing. The warrant type hearing stated that or should have specified that there were 2 separate businesses in this shop. But it did it did actually say that it said it described the location as an auto repair body shop located within a business advertised as near as auto. So the warrant was sufficiently descriptive. And secondly, as I indicated earlier on the warrant type hearing was not found in Mr. De La Torre's residence. Everything's happening at the same time. They do the consent search they observe Mister Diaz go to the shop and leave the shop with the methamphetamine. That that they're alleging the warrant should have contained information that nothing was found in Mr. De La Torre's residence that also goes nowhere because first and foremost, there's no evidence that Mr. De La Torre was involved in the timing. But it's it's certainly possible that the agent didn't even have the results of that search at the time he search warrant for the business. And as Mister indicated. I don't think that the record is sufficiently clear. The record speaks for itself. There was certainly a vigorous cross-examination of the government's witnesses. The defendant himself testified. There was no especially critical testimony  that was overlooked by defense counsel or that they failed to act on. There was no inadmissible devastating evidence that was allowed to go before the jury. He had two attorneys here that were both actively engaged in his defense and certainly their performance was not such that he wasn't receiving the counsel guaranteed by the Sixth Amendment. And unless the court has any additional questions for me, I'd ask the court to affirm the case. I see none. Thank you. Thank you, Mr. Ferretti. Mr. Pivovar, your rebuttal. Regarding the tape recording or tape recording and video recording, I guess, the court's probably seen that. It is very, very difficult to decipher. There are many portions of that that are almost inaudible. Total inflections are not able to be drawn for the most part. Some of the audio portions of it are just indecipherable. What's clear is that Mr. Slavichek is there to defend himself. As his testimony stated, he did on two other occasions. Mr. Dellatore was trying to get him out of his business on that particular occasion. It was a situation where he wanted to diffuse what he thought was going to become a violent situation. And in that regard, he did everything, he said anything he could to get Mr. Slavichek out of there. In regards to Tammy Gall, I don't recall any particular testimony where she, in fact, testifies that she dealt directly with Marcus Dellatore, the son, not the father. I don't think there's any incident where she said, there was one incident where she said she was present in a car outside while her boyfriend went in and talked to Mr. Dellatore, Jr. So I don't know that there's any credible testimony. Unless the court has any questions, we would ask that you reverse, please. Thank you. I see no questions. Thank you, Mr. Pivovar. And thank you also, Mr. Ferretti. The court appreciates your presence in providing argument to the court.